IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THOMAS GERALD MORGAN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4706-L** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Thomas Gerald Morgan's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed November 27, 2013. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on December 12, 2013, recommending that the petition be transferred to the United States Court of Appeals for the Fifth Circuit. No objections have been filed.

On January 8, 2008, Petitioner filed a federal petition for writ of habeas corpus. On October 22, 2009, the court denied the petition. On May 7, 2010, the Fifth Circuit denied a certificate of appealability. On November 27, 2013, Petitioner filed the instant petition. Since the Fifth Circuit has not issued an order authorizing the court to consider this successive petition, the court is without jurisdiction to consider it, and the petition must be transferred to the Fifth Circuit.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the magistrate judge's findings and conclusions as those of the court. Accordingly, the court **transfers** Petitioner's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 to the United States Court of Appeals for the Fifth Circuit.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 31st day of December, 2013.

_____
Sam A. Lindsay
United States District Judge